[No. 22711. Department One. October 15, 1930.]

EARL CORWIN, *Respondent*, v. GRAYS HARBOR WASH-
INGTONIAN, INCORPORATED, *Appellant*.[1]

*James P. H. Callahan,* for appellant.
*F. L. Morgan,* for respondent.

HOLCOMB, J.—This case has been previously before
this court, the decision on the former appeal being re-
ported in 151 Wash. 585, 276 Pac. 902, where the mem-
orandum was set out and its legal effect decided.

The former judgment having been reversed and the
cause remanded with directions to overrule the mo-
tion for a nonsuit and proceed with the trial, upon the
cause being remanded, plaintiff, who was appellant in
that appeal and respondent in this appeal, filed a sup-
plemental complaint. In it, among other things, it
was alleged that, after the former trial and appeal and

[1]Reported in 292 Pac. 412.

on November 18, 1927, the firm of Jones & Jones, Inc., referred to in the written memorandum set out in the former opinion, began an action in the lower court against K. X. R. O., Inc., for the recovery of the balance of the purchase price under the memorandum of sale; that thereafter that cause was regularly set down for trial and judgment about to be entered against K. X. R. O., Inc., for the sum of $1,930.94 and levy and sale about to be made upon the physical property of that corporation, whereby such physical property was about to be lost and dissipated; that thereupon, and for and on behalf of Grays Harbor Washingtonian, Inc., and for and on its account, and not otherwise, respondent sold and transferred the stock covered by the memorandum of agreement to Jones & Jones, Inc., for the sum of $282.50, and that plaintiff in that action received that sum and applied the same upon the indebtedness due from defendant to plaintiff; that the stock so sold was sold fairly and equitably and for the best price obtainable and for a higher price than could have been obtained from any other source, and that such sale was made in good faith for the account and benefit of Grays Harbor Washingtonian, Inc., which sum so received plaintiff alleged to be ready and willing to credit on the amount due from defendant to plaintiff; judgment was thereupon prayed against defendant as in his original complaint, less the sum of $282.50 credited as above set forth, and costs.

To this supplemental complaint, appellant answered, alleging that, as to the matters set forth in the supplemental complaint, it had no information upon which to base a belief and therefore denied the same; and, for a further and affirmative defense thereto, alleged that, if the sale of stock was made as set forth in the supplemental complaint, such sale was without notice to defendant and without its knowledge or consent;

and, by way of further affirmative defense, appellant alleged that, if the stock was sold and transferred as set forth in the supplemental complaint, such sale and transfer constituted a conversion to plaintiff's own use of the property over which this controversy has existed, and that respondent is estopped to ask for further relief herein.

After the retrial in the court below, that court refused findings and conclusions submitted by appellant, and made findings and conclusions sustaining the recovery by respondent upon his original cause of action and upon the supplemental complaint filed by him.

In our prior decision, we held that respondent, who was appellant there, had stated a cause of action under the third paragraph of the uniform sales law, Rem. 1927 Sup., § 5836-63; that paragraph 2 of that section was inapplicable to his cause of action because the balance of the purchase price was not payable on a day certain, irrespective of delivery or of transfer of title, both paragraphs being fully quoted and analyzed. We further held that paragraph 4 of § 5836-64, *supra,* there quoted, was inapplicable to the kind of property dealt with in the memorandum of sale involved here. We further held that the shares of stock which were the subject-matter of the contract between the parties constituted property which could not "readily be sold for a reasonable price."

Among other things, the trial court found that the contract had been repudiated by appellant on September 9, 1927, and that an unreasonable time had elapsed for appellant to take the matter up; that the assets of the corporation (K. X. R. O., Inc.), by virtue of the lawsuit started by Jones & Jones, Inc., were in a depreciated condition as physical assets, and would certainly have been lost and nothing would have been left except the operating license, which was subject to be

revoked at any time, and perhaps would have been revoked, leaving the assets of that corporation absolutely *nihil*.

From the foregoing finding, the court found (or rather concluded) that it was the duty of respondent under such circumstances to sell the stock and minimize the damage to the best advantage possible, which was done. It was further found that, in the emergency thereby created, respondent proceeded to compromise that action and sell and transfer the stock, whereby the original claim with costs and disbursements was satisfied, and, in addition thereto, the sum of $282.50 was received for and on account of the purchase price of stock mentioned; that such sale was fairly and honestly conducted, and the price obtained was the best price obtainable under the circumstances, and that respondent in all things exercised good faith and a degree of business ability in effecting such compromise and obtaining such sum to be applied upon the value of the stock certificates.

From the foregoing facts, the court concluded that respondent was entitled to recover judgment against appellant for the amount sued for in his original complaint, to wit, $1,545 with interest at the legal rate from August 25, 1927, upon which should be credited the sum of $282.50. Judgment was entered accordingly.

Several errors are assigned by appellant, but all are argued under one proposition: That the sale of the property involved in this action, while this case was pending on a previous appeal and without notice to appellant, precluded any relief in favor of respondent on his supplemented action.

Although both parties argue at some length and cite texts and authorities upon the effect of a tender of such property as that involved here, that ques-

tion was practically decided in the prior appeal. It was there held that paragraph 3, Rem. 1927 Sup., § 5836-63, governed the cause and that appellant had stated and proved, *prima facie,* a cause of action thereunder. Under that paragraph, after the tender by the seller (respondent) and refusal by the buyer (appellant), the property was thereafter held by the seller as bailee for the buyer. Such bailment being gratuitous and for the sole benefit of the bailor, under the common law, respondent would be liable only for gross negligence. (*Bradford-Kennedy Co. v. Buchanan,* 100 Wash. 466, 171 Pac. 228; Do., 91 Wash. 539, 158 Pac. 76). This rule has, however, been modified by another section of the uniform sales law, which will be referred to later, so as to require, in such bailments as this, under the conditions existing, ''reasonable care and judgment in making a resale.'' On the retrial, the trial court put appellant upon its proof under its affirmative defenses, and then found at the conclusion of the trial that appellant had not sustained its affirmative defenses.

The law of the case having been settled as governed by the section cited, the texts and cases cited by appellant, to the effect that respondent, having three remedies at common law upon a breach of a contract of sale of personal property, and having selected the one consisting of a tender of the property and suit for the purchase price, is bound thereby, and that his supplemental complaint changed his cause of action, have little influence.

The supplemental complaint did no more than show emergency conditions arising after the former trial. It was the duty of respondent, as the trial court aptly said, to do what was necessary under the circumstances to minimize the damages to appellant. Had it not been for the action it took in compromising the

suit of Jones & Jones, Inc., against the present appellant, there would have been nothing whatever left. Even the operator's license, which was a matter of special consideration under the memorandum of sale, would have been revoked and lost. Under the findings of the trial court, respondent did all that was possible, in the best of faith, to so minimize such damages and preserve the operating license and other property going with it under the memorandum of sale. He could do no more, and he did no less. It is unfortunate that, as appellant says, it received nothing whatever under the contract of sale, but it does not seem to have been the fault of respondent.

According to the provisions of the uniform sales law, Rem. 1927 Sup., § 5836-60 (Par. 1), where the buyer has been in default in the payment of the price an unreasonable time, an unpaid seller may resell the goods. Under paragraph 3 of that section, it is not essential to the validity of a resale that notice of intention to resell the goods be given by the seller to the original buyer; and where the right to resell is not based on the perishable nature of the goods, or upon express provisions of the contract of sale, the giving or failure to give such notice shall be relevant in any issue involving the question whether the buyer has been in default an unreasonable time before the resale was made. Paragraph 5 of that section prescribes that the seller is bound to exercise reasonable care and judgment in making a resale, and, subject to this requirement, may make a resale either by public or private sale.

Here the court found that there was unreasonable delay and default in the payment of the purchase price, and that respondent exercised great care and judgment in making the resale. Nor does the pendency

of the former appeal justify the delay, for the property was wrongfully rejected by appellant. Under such circumstances, notice was legally dispensed with.

Other contentions are made by appellant, based upon other sections of the uniform sales law, which we do not consider relevant to the case before us and a discussion of which would not be useful.

In our opinion, under our uniform sales act, the judgment was right, and it is affirmed.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.